SNYDER v. WORTEN *et al.*

No. 4014.   Opinion Filed March 16, 1915.

Rehearing Denied April 27, 1915.

(147 Pac. 1010.)

**INDIANS—Surplus Allotment—Judgment Lien.** Reversed on authority of **Neilson v. Alberty,** 36 Okla. 490, 129 Pac. 847.

(Syllabus by the Court.)

*Error from District Court, Osage County;*
*R. H. Hudson, Judge.*

Action by J. M. Worten against E. C. Snyder and another.  Judgment for plaintiff, and the defendant named brings error.  Reversed and remanded, with directions.

*Grinstead, Mason & Scott,* for plaintiff in error.

*H. P. White, J. M. Worten,* and *Hargis & Sams,* for defendants in error.

KANE, C. J.   This was a proceeding whereby the defendant in error J. M. Worten sought to enforce a judgment obtained by him in the county court of Osage county against certain lands situated therein.  The lands against which the judgment is sought to be enforced were part of the surplus allotment of one Musgrove, a member of the Osage Tribe of Indians, to whom the land was allotted under the provisions of what is known as the "Osage Allotment Act" (Act June 28, 1906, c. 3572, 34 Stat. at L. 539).  The court below sustained the contention of the plaintiff, defendant in error here, and it is to reverse this action of the trial court that this proceeding in error was commenced.

The theory of plaintiff was that upon the issuance of a certificate of competency to Musgrove, pursuant to paragraph 7 of section 2 of the act of Congress above referred to, the judgment procured by him in the county court, said court being a court of record, became a lien upon the surplus lands of the judgment debtor. The plaintiff in error, who purchased the land from the allottee subsequent to the rendition of the judgment, contends: (1) That the judgments of county courts in this jurisdiction in no event constitute liens upon real estate; and (2) that the issuance of a certificate of competency affects only voluntary conveyances by the allottee, and does not apply to the creation of liens or transmission of title by operation of law.

As the latter contention seems to be sustained by the case of *Neilson v. Alberty,* 36 Okla. 490, 129 Pac. 847, we do not deem it necessary to notice the first. In that case the judgment was rendered in one of the United States courts for the Indian Territory against an Osage Indian on the 1st day of December, 1903. On July 30, 1909, the Secretary of the Interior approved a patent to said Indian's surplus allotment of Osage Indian lands, and on the 30th day of October following issued a certificate of competency to said allottee. On the 20th day of January, 1910, a transcript of said Indian Territory judgment was filed in the office of the clerk of the district court of Osage county, in which county said judgment debtor's land was situated. It was held that the issuance of the certificate of competency did not remove the restrictions on alienation so as to subject said lands to said judgment lien. Mr. Commissioner Sharp, who prepared the opinion for the court, in discussing the question under consideration, says:

"Does, therefore, this statute contemplate the attaching of a judgment lien to the surplus lands of such citizen upon the issuance of such certificate? If not, the judg-

ment of the court below should be affirmed. Obviously the first provision authorizing a member of the tribe to whom a certificate of competency has been issued to sell and convey her surplus lands cannot be construed to mean that said lands may be subjected to a lien created by operation of law. The latter clause, which provides that, upon the issuance of the certificate of competency, a member shall have the right to manage, control, and dispose of her lands the same as any citizen of the United States, it is contended by plaintiff in error, placed the defendant in error upon exactly the same footing in respect to her surplus allotment as any United States citizens owning land. We are unable to agree with this contention, and submit that the words employed cannot be extended by any known rule of construction so as to authorize the attching to the lands of a lien created by statute, not the result of the voluntary act of the allottee."

On the authority of the foregoing case, the judgment in the instant case must be reversed, and the cause remanded with directions to proceed in conformity with the views herein expressed.

All the Justices concur.